UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BENNY JOE MOORE, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:16-2389 |
| v. ) | Chief Judge Crenshaw/Brown |
| ) | **Jury Demand** |
| OFFICER J.W. JONES, ) | |
| ) | |
| Defendant ) | |

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.**

<u>**REPORT AND RECOMMENDATION**</u>

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed with prejudice for failure to prosecute and to obey Court orders.

**BACKGROUND**

The Plaintiff filed a complaint against Officer Jones and the Smyrna Police Department on September 8, 2016 (Docket Entry 1). After initial review (Docket Entry 8) the Plaintiff was allowed to proceed *in forma pauperis* against Officer Jones. The matter was referred to me for case management and a report and recommendation on any dispositive matter.

As summarized in the District Judge's review, the Plaintiff alleged that on June 14, 2016, he was in a physical altercation with someone else and the police were called. He alleged that knowing that he had two warrants for failure to appear he went outside to wait for the arrival of the police and that when they arrived he laid on his stomach with his hands behind his back, offering no resistance. He alleged that Defendant Jones flew into a "blind rage" over a suspicion that the Plaintiff had beaten a

female victim and picked up the Plaintiff by his arms so aggressively that he snapped the Plaintiff's forearm. He alleges that the injury caused him to have a plate and screw used to repair his arm.

The Court found that this did state a colorable claim against Officer Jones for the use of excessive force.

After service of process was complete, an answer was filed (Docket Entry 15), and a scheduling order (Docket Entry 16) was entered. The scheduling order specifically provided that all discovery would be completed by June 13, 2017, and that the Plaintiff was required at all times to keep a current address on file with the court.

On February 6, 2017, the Plaintiff filed a notice of change of address (Docket Entry 22).

Subsequently, Officer Jones filed a motion on July 11, 2017 (Docket Entry 28) to compel the Plaintiff to answer interrogatories and requests for production. In the motion he alleged that the first set of interrogatories and requests for production of documents were sent to the Plaintiff in January of 2017, while he was still incarcerated. A second set of discovery was then mailed to his home in Alabama at the address that he had provided and is reflected on the court docket sheet. They allege that his mother signed for the discovery documents sent to Alabama on February 13, 2017. When a timely response was not received the Defendant's counsel state they mailed a letter to the Plaintiff informing him the responses were overdue and offering an extension

2

to April 5, 2017, to respond.[1] They allege that as of July 11, 2017, they have received no response whatever from the Plaintiff.

As a result of this motion the undersigned entered an order (Docket Entry 30) for the Plaintiff to show cause by July 31, 2017, why the undersigned should not recommend that his case be dismissed for failure to respond to discovery and to prosecute his case. The Plaintiff was advised that he could satisfy the show cause order by fully complying with the discovery requests that were sent to him by July 31, 2017. The Plaintiff was specifically warned that failure to show cause or to comply with the discovery requests would result in a recommendation that his case be dismissed for failure to prosecute and to obey Court orders.

The Court has received no response one way or the other from the Plaintiff and the Defendant has now filed a motion to dismiss (Docket Entry 31) noting that they have not received any response to their discovery requests as of the date of filing their motion on August 14, 2017.

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the Court's order, and engages in a pattern of delay. *Gibbons v. Assets Acceptance Corporation*, 2006 WL 3452521, *1 (S.D. Ohio, Nov. 29, 2006).

The Courts have the inherent power, exercisable in its sound discretion, to dismiss a case for want of prosecution in order to management their own affairs so as to achieve the orderly

---

[1] In their motion to compel (par. 3) the Defendant erroneously refers to the Plaintiff as the Defendant. However, the intent of the motion is clear.

and expeditious disposition of cases. *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *Smith v. Correction Corp. of America*, Case No. 3:14-CV-1259 (MDTN, Judge Campbell, April 7, 2014).

In this case the Plaintiff was advised in the initial scheduling order of the need to obey court orders and was specifically ordered on July 14, 2017 (Docket Entry 30) to show cause why his case should not be dismissed for failure to respond to discovery requests and to prosecute his case. It is apparent that the Plaintiff has ignored this order and has not shown cause or complied with the outstanding discovery requests. It appears he has taken no discovery from the Defendant.

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted.

*Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6$_{th}$ Cir. 1999).

In this case the Plaintiff has been warned of the necessity to respond to motions and specifically directed to show cause or comply with outstanding discovery. The Plaintiff has

4

ignored both of these responsibilities. Therefore, it can only be concluded that the Plaintiff's failure to comply is due to willfulness, bad faith, or fault. The Defendant in this case is clearly prejudiced because without discovery requests he cannot complete his defense and will not be in a position to file an appropriate dispositive motion. The Plaintiff has, as noted above, been specifically warned of the failure to comply with the show cause order could lead to dismissal.

Finally, the Magistrate Judge has considered a less drastic sanction of dismissal without prejudice. However, given that the incident complained about was in June 2016, even a dismissal without prejudice would in all likelihood be barred by the applicable one-year statute of limitations, dismissal with prejudice is appropriate.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed with prejudice for failure to prosecute and to obey Court orders and that any appeal from this dismissal not be certified as taken in good faith. All other motions should be denied as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 15th day of August, 2017.

                                               /s/   Joe B. Brown
                                            JOE B. BROWN
                                            United States Magistrate Judge